DLD-192                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4487
_____

JAMES SPENCER,
                                        Appellant

v.

WARDEN ALLENWOOD USP; PA STATE ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civil Action No. 3-13-cv-01120)
District Judge: Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 6, 2014
Before:  SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Filed: June 27, 2014)
_____

OPINION
_____

PER CURIAM

        James Spencer, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Middle District of Pennsylvania dismissing his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that

follow, we will affirm the judgment of the District Court.

In 1996, Spencer was convicted in the United States District Court for the Eastern District of Pennsylvania of ten counts of violating the Hobbs Act, 18 U.S.C. § 1951(a), and firearms offenses. He was sentenced to life in prison for the Hobbs Act violations and concurrent and consecutive sentences for his other crimes. We affirmed the judgment on direct appeal. See C.A. No. 96-1916.

Spencer filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. In 2000, the District Court denied the motion on the merits. We denied Spencer's request for a certificate of appealability. See C.A. No. 00-1313. In 2007, the District Court denied Spencer's motion for relief pursuant to Federal Rule of Civil Procedure 60(b). We again denied Spencer's request for a certificate of appealability. See C.A. No. 07-3366.

In 2013, Spencer filed a habeas petition pursuant to § 2241 in the Middle District of Pennsylvania challenging his conviction. Spencer claimed, among other things, that the prosecutor engaged in misconduct, that his trial counsel was ineffective, and that his indictment contained false information and is void. Spencer also moved to transfer his petition to the Eastern District of Pennsylvania because his records and witnesses are located there. The District Court adopted the Magistrate Judge's report and recommendation to dismiss the habeas petition and deny the motion to transfer because Spencer may not challenge his conviction by way of a petition brought pursuant to § 2241. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Our review of the District Court's legal conclusions is plenary. Cradle v. United States ex rel. Miner,

2

290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences. . . ." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," the mere fact that the petitioner is unable to meet the gatekeeping requirements of § 2255 does not render a § 2255 motion inadequate or ineffective. Cradle, 290 F.3d at 538-39. Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Spencer has not made such a showing. This is not the unusual case of a petitioner who did not have an earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may have negated. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (allowing petitioner to raise such a claim under § 2241). Spencer may not seek relief pursuant to § 2241 because he is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. Thus, the District Court did not err in dismissing Spencer's § 2241 petition.

Accordingly, as this appeal does not raise a substantial question, we will affirm the judgment of the District Court.

3